PHŒBE R. E. E. LINTON ET AL. V. JOHN T. CATHERS.

FILED DECEMBER 16, 1903.  No. 13,246.

Settlement: AVOIDANCE: BURDEN OF PROOF. The burden of proof is
    upon the party admitting a settlement to establish the facts
    relied on in avoidance thereof.

ERROR to the district court for Douglas county: LEE S.
ESTELLE, JUDGE.  *Reversed.*

*John O. Yeiser,* for plaintiffs in error.

*John T. Cathers* and *Byron G. Burbank, contra.*

OLDHAM, C.

This was an action by plaintiff against the defendants
for attorney's fees.  It appears that the cause was origin-
ally instituted in the district court for Douglas county,
Nebraska, on November 5, 1900, the amount then claimed
being in excess of $5,000.  The cause appears to have
lingered on the docket until October 6, 1902, when defend-
ants each filed a second amended and supplemental answer
alleging, among other things, that since the issues were
joined in the cause, and on May 18, 1901, the plaintiff and
defendants entered into a full and complete settlement of
the pending cause and all claims and demands stated
therein; that a memorandum of said agreement was re-
duced to writing, signed by plaintiff and delivered to de-
fendants, a copy of which was attached to and made a
part of the answer, and that the services were unskillfully
performed and of no value.  There were other things in
the answer which need not be discussed.

Plaintiff, in his reply to the amended answers, alleged
that the memorandum set up in defendants' answers re-
ferred to another suit and not to the one now pending; ad-
mitted that there was a settlement between plaintiff and
the defendants in which plaintiff, on certain conditions set
forth, did agree to dismiss the case now pending.  He then

pleads in avoidance of the settlement, that it was procured by fraud, and that the conditions have not been fully performed by the defendants; that the money actually paid at the time of the settlement was less than the amount then due him on a certain judgment included in the settlement, and asks that his cause of action be continued for the sum of $2,650 attorney's fees. Under issues thus joined the cause was tried to a jury; verdict was returned for plaintiff for $1,100; there was judgment on the verdict, and defendants bring error to this court.

At the trial of the cause defendants offered in evidence the written memorandum of the settlement pleaded in the answer, which was admitted without objection, and is as follows:

"In the District Court for Douglas County, Nebraska.
"JOHN T. CATHERS
    v.                    } Doc. 65.   No. 261.
P. R. E. E. LINTON.

"Received from Mrs. Phœbe R. E. E. Linton, one of the above defendants, two thousand six hundred sixty dollars ($2,660) in full of judgment in the above entitled cause, as follows: Five hundred dollars ($500) cash, one thousand dollars ($1,000) by check at thirty days from date hereof, and the mortgage on Argyle Place for one thousand one hundred sixty dollars ($1,160) for one year. May 18, 1901.

"Also I agree to dismiss the cause now pending in the district court for Douglas county.

"This to settle all old matters up to date.

                              "JOHN T. CATHERS."

They also offered in evidence a letter from plaintiff to defendant, Phœbe R. E. E. Linton, which was admitted to have been signed by plaintiff and mailed to the defendant, and contains the following reference to the settlement of May 18, 1901:

"I supposed you knew of the settlement between Mr. Linton and myself of your matters, last May. I had ceased

to be your attorney, and Mr. Linton came and reemployed me, and we made an agreement whereby all matters in dispute between us were settled up in this way: I was to be your attorney exclusively in all matters here in Nebraska on condition that I settle up all matters then in dispute, and this was agreed to."

Plaintiff in rebuttal introduced evidence tending to impeach the settlement for misrepresentation and fraud alleged to have been practiced upon him by defendants in procuring such settlement. This perhaps is all that need be stated from a very voluminous record to reach a conclusion necessary to dispose of this case.

In this state of the evidence and the pleadings, defendants requested the court to instruct the jury, that the burden of proof was upon plaintiff to establish facts necessary to avoid the effect of the settlement. This the court refused and instructed the jury that:

"The burden of proof is on the defendants to show that there had been a settlement of the claim for services set forth in plaintiff's petition; and if, by a preponderance of the evidence, you find that said claim had been settled as alleged in defendants' answer, it would then be your duty to find for the defendants."

We think the court was wrong in casting the burden upon defendants to establish a settlement, which was admitted by the pleadings and by undisputed evidence to have been entered into, and that an instruction similar, in substance, to that asked by defendants should have been given.

It is therefore recommended that the judgment of the trial court be reversed and the cause remanded for further proceedings.

HASTINGS and AMES, CC., concur.

By the Court: for the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.